**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SHAIN MALLOY,<br><br>        Defendant. | No. 08-CR-4060-LRR<br><br>**SENTENCING MEMORANDUM** |

_____

## I. INTRODUCTION

The matter before the court is the sentencing of the defendant.

## II. ISSUE

The court must determine whether the defendant is a "career offender" for purposes of USSG §4B1.1. *See United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)) (stating that a district court must first calculate the advisory Sentencing Guidelines range). To make such determination, the court must decide whether a conviction for extortion, in violation of Iowa Code section 711.4(7) (1993), or a conviction for interference with official acts causing bodily injury, in violation of Iowa Code section 719.1(1) (2003), qualifies as a "crime of violence" under USSG §4B1.2(a)(3).

## III. ANALYSIS

The defendant is a "career offender" under the advisory Sentencing Guidelines if:

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at

> least two prior felony convictions of either a crime of violence
> or a controlled substance offense.

USSG §4B1.1(a). The court considers, in turn, each of these three requirements.

### A. *Qualifying Age*

First, it is undisputed that the defendant was "at least eighteen years old at the time he committed the instant offense of conviction," that is, entering into a conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)-(C) and 21 U.S.C. § 846. *See* USSG §4B1.1(a)(1). The defendant turned forty years old on June 25, 2009.

### B. *Qualifying Offense*

Second, it is undisputed that the instant offense, that is, entering into a conspiracy to manufacture methamphetamine, is a "felony" for purposes of USSG §4B1.1(a)(2). *See* 18 U.S.C. § 3559(a) (classifying offenses by maximum term of imprisonment authorized); 21 U.S.C. § 841(b) (listing maximum term of imprisonment); *see also* 21 U.S.C. § 846 (indicating the penalty for conspiring to commit an offense is the same as the penalty for the offense that was the object of the conspiracy). In addition, the instant offense of conviction is a "controlled substance offense" for purposes of USSG §4B1.1(a)(2). *See* USSG §4B1.1, cmt. (n.1) (stating that the phrase "controlled substance offense" is defined in USSG §4B1.2); USSG §4B1.2(b) (defining "controlled substance offense" as including federal drug manufacturing crimes).

### C. *Two Predicate Offenses*

Third, the parties dispute whether the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* USSG §4B1.1(a)(3). The presentence investigation report identified three prior convictions that appear to qualify the defendant as a "career offender" under USSG §4B1.1. Two of the three identified convictions are at issue here.

### *1. First predicate offense*

It is undisputed that the defendant burgled a residence and that, on April 24, 1995, the defendant was convicted of burglary in the first degree, in violation of Iowa Code section 713.1 (1994) and Iowa Code section 713.3 (1994). *See State v. Malloy*, FECR045638 (Woodbury County Dist. Ct. 1995).[1] Burglary in the first degree is a "felony" for purposes of USSG §4B1.1(a)(3). *See* Iowa Code § 713.3 (1994) (defining burglary in the first degree as a class "B" felony); *see also* Iowa Code § 902.9(1) (1994) (stating that "[a] class 'B' felon shall be confined for no more than twenty-five years"); Iowa Code § 902.3 (1994) (addressing when an indeterminate sentence must be imposed); USSG §4B1.2, cmt. (n.1) (advising that "'[p]rior felony conviction' means a prior adult . . . state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed"). In addition, such offense is a "crime of violence" for purposes of USSG §4B1.1(a)(3). *See* USSG §4B1.2(a) (stating that "the term 'crime of violence' means any offense under . . . state law . . . that— . . . is burglary of a dwelling"); USSG §4B1.2, cmt. (n.1) ("'Crime of violence' includes . . . burglary of a dwelling."); *see also United States v. Wright*, 340 F.3d 724, 735 (8th Cir. 2003) (concluding that an Iowa conviction for burglary in the second degree qualified as a crime of violence under USSG §4B1.2(a)). The parties agree that the defendant's conviction for burglary in the first degree is a felony that is a crime of violence. *See* USSG §4B1.1(a)(3). Thus, the defendant has at least one predicate offense.

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

*2.     Second predicate offense*

The parties dispute that the defendant has a second predicate offense. It is undisputed that, on April 24, 1995, the defendant was convicted of extortion, in violation of Iowa Code section 711.4(7) (1993), *see State v. Malloy*, FECR045090 (Woodbury County Dist. Ct. 1995), and that, on January 15, 2004, the defendant was convicted of interference with official acts causing bodily injury, in violation of Iowa Code section 719.1(1) (2003), *see State v. Malloy*, AGCR061917 (Woodbury County Dist. Ct. 2004). The defendant, however, contends that neither conviction is a "felony" that is a "crime of violence" for purposes of USSG §4B1.1(a)(3). The court considers, in turn, each of these convictions.[2]

*a.     Extortion*

The applicable statute, that is, Iowa Code section 711.4 (1993), provides that "[e]xtortion is a class 'D' felony." Further, Iowa Code section 902.3 (1993) addresses when an indeterminate sentence must be imposed, and Iowa Code section 902.9(4) (1993) states that "[a] class 'D' felon . . . shall be confined for no more than five years . . . ." Because the offense of extortion is punishable by imprisonment for a term exceeding one year and judgment entered against the defendant in 1995, the "felony" requirement for purposes of USSG §4B1.1(a)(3) is met. *See* USSG §4B1.1, cmt. (n.1) (stating that the phrase "two prior felony convictions" is defined in USSG §4B1.2); USSG §4B1.2, cmt. (n.1) (advising that "'[p]rior felony conviction' means a prior adult . . . state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless

---

[2] The presentence investigation report asserts certain facts that support the defendant's prior conviction for extortion and conviction for interference with official acts causing bodily injury. The court did not consider those facts because the defendant objected to the application of USSG §4B1.1. *See, e.g., United States v. Morehead*, 375 F.3d 677, 679 (8th Cir. 2004) (reversing a district court for relying on disputed allegations of fact in a presentence investigation report).

4

of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed").

With respect to whether the defendant's prior extortion conviction is a "crime of violence," the court notes that it is "bound by cases interpreting whether an offense is a crime of violence under the [advisory Sentencing] Guidelines as well as cases interpreting whether an offense is a violent felony under the Armed Career Criminal Act, [18 U.S.C. § 924(e),]" because the two definitions are nearly identical. *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008).[3] The advisory Sentencing Guidelines, in relevant part, provide:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> . . .
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2(a)(2). When analyzing a predicate felony, courts normally should consider how the law defines the crime, not how a crime might be committed on a particular occasion. *See Williams*, 537 F.3d at 973 (citing *Begay v. United States*, 553 U.S. ___, ___, 128 S. Ct. 1581, 1584 (2008) for the proposition that it is appropriate to apply the categorical approach, which was adopted in *Taylor v. United States*, 495 U.S. 575 (1990)). Here, the court uses the "modified categorical approach" when determining whether the defendant's conviction for extortion is a "crime of violence" because Iowa Code section 711.4 (1993) sets forth distinct offenses with different elements. *Id*. Pursuant to such

---

[3] USSG §4B1.2(a)(2) relies on the term "burglary of a dwelling" in the list of example crimes and 18 U.S.C. § 924(e)(2)(B)(ii) utilizes "burglary" in the list of example crimes.

5

approach, the court may "look beyond the complete statutory definition of [extortion] to discover which part of the statute [the defendant] violated." *Id*. Any inquiry that is undertaken by the court is limited to a review of "'[the terms of] the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Id*. (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Under the modified categorical approach, the court is limited to an analysis of the trial information and the criminal judgment. *See Williams*, 537 F.3d at 973 (indicating that it is appropriate to look to the terms of the charging document); *Nijhawan v. Attorney General of the U.S.*, 523 F.3d 387, 395-96 (3d Cir. 2008) (holding that consideration of a judgment order is permissible); *United States v. Garcia-Arellano*, 522 F.3d 477, 480-81 (5th Cir. 2008) (same). The trial information, which the government and the defendant admitted at the defendant's June 8, 2009 sentencing hearing, accused the defendant of committing extortion, that is, threatening to wrongfully injure the property of another with the purpose of obtaining for himself anything of value, tangible or intangible, in violation of Iowa Code section 711.4(7) (1993). Similarly, the criminal judgment, which the government admitted at the defendant's June 8, 2009 sentencing hearing, decreed the following: (1) the defendant is guilty of the crime of extortion, in violation of Iowa Code section 711.4(7) (1993); and (2) the defendant is sentenced under Iowa Code section 902.9(4) (1993) to an indeterminate term not to exceed five years for the crime of extortion.

The defendant correctly points out that extortion under Iowa Code section 711.4(7) (1993) encompasses threats against the property of another. That statute, in relevant part, provides:

> A person commits extortion if the person does any of the
> following with the purpose of obtaining for oneself or another

> anything of value, tangible or intangible, including labor or services:
>
> . . .
>
> 7. Threatens to wrongfully injure the property of another.

Iowa Code § 711.4(7) (1993). Because this statutory definition of extortion does not involve threats against the person of another, the defendant argues that it does not qualify as a "crime of violence" for purposes of USSG §4B1.1. In support of his argument, the defendant relies on *United States v. Anderson*, 989 F.2d 310 (9th Cir. 1993). In *Anderson*, the Ninth Circuit Court of Appeals: (1) considered the use of the term "extortion" in the Armed Career Criminal Act; (2) adopted the definition of "extortion" in the Hobbs Act, 18 U.S.C. § 1951; and (3) held a state court conviction did not qualify as extortion under 18 U.S.C. § 924(e) because the *attempt* to obtain money by threatening to harm a person's health, safety, business, financial condition or personal relationships did not constitute obtaining property from another. *Anderson*, 989 F.2d at 311-13.

The court is not persuaded by the defendant's argument. Rather than follow the Ninth Circuit Court of Appeals' analysis in *Anderson*, 989 F.2d at 310, the court concludes that the First Circuit Court of Appeals' analysis in *United States v. DeLuca*, 17 F.3d 6 (1st Cir. 1994), applies with equal force when a defendant has a prior conviction under Iowa Code section 711.4(7) (1993). Before holding that the listed crime of extortion in USSG §4B1.2(a)(2) includes a threat of harm to another person, reputation or property, the First Circuit Court of Appeals articulated four reasons why a definition of "extortion" is not limited to threats or violence against the person of another. *Id*. at 8-10. First, it stated that USSG §4B1.2(a)(2) "specifically mentions extortion and, in the process, neither says nor implies that extortion, to be cognizable, must involve a threat of harm to the person of another." *Id*. at 8. Indeed, "the wording of [USSG §4B1.2(a)(2) unequivocally indicates] that the Sentencing Commission believed that extortion, *by its nature*, should be classified as a crime of violence." *Id*. (emphasis in original); *see also* USSG §4B1.2, cmt.

(n.1) ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."). The First Circuit Court of Appeals declined to look to the definition of "extortion" in the Hobbs Act[4] because such term is fairly well understood, and it determined that the commonly understood definition of "extortion" and the Model Penal Code definition of "extortion," *see* Model Penal Code § 223.4[5], contemplated a threat of harm to reputation and property. *DeLuca*, 17 F.3d at 9.

Concerning the other three reasons, the First Circuit Court of Appeals opined that: (1) even if it looked to the Hobbs Act definition of "extortion," "the 'fear' element under the Hobbs Act can be satisfied by threats other than threats of bodily harm, say, by putting the victim in fear of economic harm," *id.*; (2) defining the term "extortion" so as to require a threat against the person of another would render it superfluous because USSG §4B1.2 already "makes a prior conviction for *any* offense that 'has as an element the . . . threatened use of physical force against the person of another' a crime of violence," *id.* at 10 (quoting USSG §4B1.2(a)(1)) (emphasis in original); and (3) the Ninth Circuit Court of Appeals' conclusion in *Anderson*, 989 F.2d 310, that a prior conviction for attempted extortion did not qualify as a predicate offense for purposes of the Armed Career Criminal Act does not resolve the question of whether only completed acts of extortion qualify as a crime of violence for purposes of USSG §4B1.2(a), *id.*

Following *DeLuca*, the court concludes that, under a common usage approach, the defendant's conviction under Iowa Code section 711.4(7) (1993) falls within USSG

---

[4] The Hobbs Act, which is limited to criminalizing interference with commerce by threats or violence, defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

[5] The Model Penal Code defines extortion as obtaining the property of another by making any of a number of threats. Model Penal Code § 223.4; *see also Begay*, 553 U.S. at ___, 128 S. Ct. at 1586 (relying on Model Penal Code § 223.4 to define extortion).

8

§4B1.2(a)(2), and, even if it is necessary to define the term "extortion" by relying on an external source such as the Model Penal Code, the defendant's conviction under Iowa Code section 711.4(7) (1993) constitutes extortion, as it is used in USSG §4B1.2(a)(2). *Id*. at 9; *see also James v. United States*, 550 U.S. 192, 220-24 (2007) (Scalia, J., dissenting) (rejecting the Model Penal Code definition of "extortion" and defining the term "extortion" for purposes of the Armed Career Criminal Act as "the obtaining of something of value from another, with his consent, induced by the wrongful use or threatened use of force against the person or property of another"). Likewise, the court finds that the statutory definition of "extortion" under Iowa Code section 711.4(7) (1993) and the definition of "extortion" under the Hobbs Act "are sufficiently similar both in import and application" to undermine the notion that extortion only involves threats against the person of another. *DeLuca*, 17 F.3d at 9-10. Additionally, to give meaning to the specifically enumerated offense of extortion in USSG §4B1.2(a)(2) and to not render it redundant, the court believes that it is appropriate to define the term "extortion" so that it includes threats against the person or property of another. *Id*. at 10. Finally, the court agrees that the Ninth Circuit Court of Appeals' analysis in *Anderson*, 989 F.2d 310, is unhelpful to the defendant because it addresses 18 U.S.C. § 924(e) and the commentary to USSG §4B1.2 clearly provides that the term "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG §4B1.2, cmt. (n.1).

In sum, the court holds that the defendant's extortion conviction under Iowa Code section 711.4(7) (1993) qualifies as a "crime of violence" for purposes of USSG §4B1.2(a), and, consequently, the defendant is a "career offender" under USSG §4B1.1(a). *See United States v. Clements*, 144 F.3d 981, 983 (6th Cir. 1998) (clarifying that, because they are specifically listed in USSG §4B1.2(a)(2), extortion and the other enumerated offenses are "crimes of violence"); *United States v. Shannon*, 110 F.3d 382, 389 (7th Cir. 1997) (citing with approval *DeLuca*, 17 F.3d at 6) (stating that "much extortion involves blackmail or trolling for bribes rather than any threat, let alone

9

actuality, of violence—yet all extortion is classified as a 'crime of violence'"); *cf. Begay*, 553 U.S. ___, 128 S. Ct. at 1586 (characterizing the listed offense of extortion as typically involving purposeful, violent and aggressive conduct).[6]

### b. *Interference with official acts causing bodily injury*

The defendant's prior conviction for interference with official acts causing bodily injury is a "felony" for purposes of USSG §4B1.1(a)(3). The applicable statute, that is, Iowa Code section 719.1(1) (2003), provides that interference with official acts causing bodily injury is an aggravated misdemeanor. Even though interference with official acts causing bodily injury is an aggravated misdemeanor under Iowa law, it is punishable by imprisonment for a term not to exceed two years. *See* Iowa Code § 903.1(2) (2003) (stating that the maximum penalty for an aggravated misdemeanor is up to two years of imprisonment). Because the offense of interference with official acts causing bodily injury is punishable by imprisonment for a term exceeding one year and judgment entered against the defendant in 2004, the "felony" requirement is met. *See* USSG §4B1.2, cmt. (n.1) (advising that "'[p]rior felony conviction' means a prior adult . . . state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony . . . ."); *see, e.g.*, *United States*

---

[6] To support his position that the extortion conviction does not qualify as a "crime of violence" because it did not involve a threat against the person of another, the defendant cites *Chambers v. United States*, 555 U.S. ___, 129 S. Ct. 687 (2009). In *Chambers*, the Supreme Court considered whether the crime of failing to report satisfied the definition of "violent felony" under the Armed Career Criminal Act and stated "[such] crime amounts to a form of inaction, a far cry from the 'purposeful, "violent," and "aggressive" conduct' potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." *Id.* at 692. The Supreme Court did not expound upon its use of the phrase "engages in certain forms of extortion," and the Supreme Court's limited use of such phrase does not alter the court's analysis. Nonetheless, the court notes that the commentary to USSG §4B1.2 provides that the term "crime of violence" includes "extortion [and] extortionate extension of credit." USSG §4B1.2, cmt. (n.1).

10

*v. Postley*, 449 F.3d 831, 832 (8th Cir. 2006) (explaining that an aggravated misdemeanor conviction under Iowa Code section 719.1(1) qualifies as a felony for purposes of the advisory Sentencing Guidelines because such offense carried a maximum penalty of two years imprisonment).

With regard to whether interference with official acts causing bodily injury is a "crime of violence," the advisory Sentencing Guidelines, in relevant part, provide:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . .

USSG §4B1.2(a)(1). Again, the court relies on the "modified categorical approach" and is limited to an analysis of the trial information and the criminal judgment. *See, e.g.*, *Williams*, 537 F.3d at 973 (applying the "modified categorical approach"). The trial information, which the government and the defendant admitted at the defendant's June 8, 2009 sentencing hearing, accused the defendant of committing interference with official acts. More specifically, it charged that the defendant knowingly resisted or obstructed a person, who is known to be a peace officer, in the performance of his lawful duty, and, in so doing, inflicted bodily injury, in violation of Iowa Code section 719.1(1) (2003). Similarly, the criminal judgment, which the government admitted at the defendant's June 8, 2009 sentencing hearing, decreed that the defendant is guilty of the crime of interference with official acts, an aggravated misdemeanor, in violation of Iowa Code section 719.1(1) (2003).

Under Iowa law, the crime of interference with official acts occurs when a person "knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer . . . ." Iowa Code § 719.1(1) (2003).

> [I]f a person commits an interference with official acts, as defined in this subsection, and in so doing inflicts bodily injury other than serious injury, that person commits an aggravated misdemeanor.

*Id*. For present purposes, then, the elements of interference with official acts causing bodily injury are: (1) the defendant did know that (a) the person was a peace officer and (b) the person was acting within the scope of his lawful duty or authority; (2) the defendant knowingly resisted or obstructed the person's performance of his lawful duty; and (3) the defendant inflicted bodily injury other than serious injury on the person. *See* Iowa Code § 719.1(1) (2003); *see also State v. Buchanan*, 549 N.W.2d 291, 293 (Iowa 1996) (outlining elements of interference with official acts); *State v. Cardona*, 2004 Iowa App. LEXIS 37 (Iowa Ct. App. 2004) (same).

Although the defendant argues otherwise, the conduct charged in the trial information in violation of Iowa Code section 719.1(1) (2003) "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* USSG §4B1.2(a)(1). It is difficult, if not impossible, to imagine how the charged conduct could be carried out without actually using physical force against the person of another. Neither USSG §4B1.2 nor the commentary to USSG §4B1.2 define "physical force," but Black's Law Dictionary defines "force" as "[p]ower, violence, or pressure directed against a person or thing" and "physical force" as "[f]orce consisting in a physical act." Black's Law Dictionary (8th Ed. 2004). Moreover, USSG §4B1.2(a)(1) includes not only the actual or attempted use of physical force against the person of another but also the threatened use of such force. The three elements that must be met for a valid conviction under Iowa Code section 719.1(1) (2003) necessarily involve at least the threatened use of power, violence or pressure directed at another person. The defendant's conviction for knowingly resisting or obstructing a person, who is known to be a peace officer, in the performance of his lawful duty, and, in so doing, inflicting bodily injury constitutes at a minimum a real threat of the use of physical force against the person of another.

Accordingly, the court holds that the defendant's conviction for interference with official acts causing bodily injury is a "crime of violence." *See* USSG §4B1.2(a)(1).[7]

## IV. CONCLUSION

Because the defendant has two prior felony convictions of either a crime of violence or a controlled substance offense, he is a "career offender." *See* USSG §4B1.1. Before any potential decrease for acceptance of responsibility, *see* USSG §3E1.1, the defendant's adjusted offense level is 32. *See* USSG §4B1.1(b)(C) (instructing that the offense level is 32 where the statutory maximum for the offense of conviction is 20 years or more, but less than 25 years). The defendant's criminal history category is VI. *See* USSG §4B1.1(b).

Given the parties' positions regarding USSG §3E1.1(b), the court finds that the defendant's adjusted offense level should be reduced by three levels under USSG §3E1.1. Thus, the defendant's total offense level is 29. Similarly, because the defendant resisted any departure for under-representation of criminal history and the government expressed that the need to depart would be nullified if the court found USSG §4B1.1 applicable, the court declines to rely on USSG §4A1.3(a). Nonetheless, the court notes that, in the event that it incorrectly determined the defendant qualified as a career offender, it would have relied on USSG §4A1.3(a) to depart upward for under-representation of criminal history. Finally, as previously stated during the June 8, 2009 sentencing hearing, the court, pursuant to USSG §5G1.3(c), intends to order the sentence for the instant offense to run consecutively to the defendant's prior undischarged terms of imprisonment.

---

[7] Having determined that the defendant's conviction for interference with official acts causing bodily injury qualifies under USSG §4B1.2(a)(1), the court need not reach the "otherwise" provision of USSG §4B1.2(a)(2) to determine that his prior conviction is a "crime of violence." Further, because *Begay v. United States*, 553 U.S. ___, 128 S. Ct. 1581, addressed the "otherwise" provision as it applied to the term "violent felony" in the Armed Career Criminal Act, it does not apply to the court's analysis of the defendant's conviction for interference with official acts causing bodily injury under USSG §4B1.2(a)(1).

**IT IS SO ORDERED**.

**DATED** this 25th day of June, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA